File #13081

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSEPH MUSUMECI,

                 Plaintiff,

       -against-

MTD PRODUCTS INC., MTD PRODUCTS LTD.,
MTD HOLDINGS INC., MTD LLC. and HOME
DEPOT U.S.A., INC.,

                Defendants.
-----------------------------------------------------------x

**<u>COMPLAINT</u>**

Plaintiff Demands a
Trial by Jury of All Issues

Civ:

Plaintiff, complaining of the defendants, by his attorneys, **LARKIN, AXELROD, INGRASSIA & TETENBAUM, L.L.P.**, respectfully show this Court and allege, upon information and belief:

## JURISDICTION AND VENUE

1. Jurisdiction exists as against the defendants pursuant to 28 USC Section 1332 in that plaintiff is domiciled in and is a citizen of the State of New York and there is complete diversity of citizenship as between the plaintiff and the defendants.

2. Upon information and belief, the defendant, MTD PRODUCTS INC. is a corporation organized and existing under and by virtue of the Laws of the State of Delaware, which maintains its principal place of business in the State of Delaware or in the State of Ohio.

3.  Upon information and belief, the defendant, MTD PRODUCTS LTD. is a corporation organized and existing under and by virtue of the Laws of Canada, which maintains its principal place of business in Canada.

4.  Upon information and belief, the defendant, MTD HOLDINGS INC. is a corporation organized and existing under and by virtue of the Laws of the State of Ohio, which maintains its principal place of business in the State of Ohio.

5.  Upon information and belief, the defendant, MTD LLC is a corporation organized and existing under and by virtue of the Laws of the State of Ohio, which maintains its principal place of business in the State of Ohio.

6.  Upon information and belief, the defendant, HOME DEPOT U.S.A., INC. is a corporation organized and existing under and by virtue of the Laws of the State of Delaware, which maintains its principal place of business in the State of Georgia

7.  The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

8.  Venue is properly laid in the Southern District of New York pursuant to 28 USC Section 1391, in that jurisdiction is founded on diversity of citizenship, and a substantial part of the events or omissions giving rise to the claim occurred in the Judicial District of the United States District Court for the Southern District of New York.

## AS AND FOR A FIRST CLAIM FOR RELIEF

9.  Upon information and belief, the defendant, MTD PRODUCTS INC., was and is engaged in the business of designing, manufacturing, advertising, marketing and selling snow throwers, and in pursuance of this business, transacted and transacts business within the State of New York and contracted and contracts to supply goods or services in the State of New York.

10.  Upon information and belief, the claims for relief alleged herein arise from the defendant, MTD PRODUCTS INC.'s transacting of business within the State of New York.

11.  Upon information and belief, the claims for relief alleged herein arise from the defendant, MTD PRODUCTS INC.'s contracting to supply goods or services in the State of New York.

12.  Upon information and belief, the claims for relief alleged herein arise from the commission by the defendant, MTD PRODUCTS INC., of a tortious act or acts within the State of New York.

13.  Upon information and belief, the claims for relief alleged herein arise from the commission by the defendant, MTD PRODUCTS INC., of a tortious act or acts outside the State of New York which caused injury to the plaintiff within the State of New York.

3

14.  Upon information and belief, the defendant, MTD PRODUCTS INC., regularly did and does solicit business, engage in a persistent course of conduct, and derive substantial revenue from goods used or consumed or services rendered in the State of New York.

15.  Upon information and belief, the defendant, MTD PRODUCTS INC., expected or should reasonably have expected its tortious act or acts as aforesaid to have consequences in the State of New York, and derived and derives substantial revenue from interstate or international commerce.

16.  Upon information and belief, the defendant, MTD PRODUCTS, LTD., was and is engaged in the business of designing, manufacturing, advertising, marketing and selling snow throwers, and in pursuance of this business, transacted and transacts  business within the State of New York and contracted and contracts to supply goods or services in the State of New York.

17 .  Upon information and belief, the claims for relief alleged herein arise from the defendant, MTD PRODUCTS LTD.'s transacting of business within the State of New York.

18.  Upon information and belief, the claims for relief alleged herein arise from the defendant, MTD PRODUCTS LTD.'s contracting to supply goods or services in the State of New York.

4

19. Upon information and belief, the claims for relief alleged herein arise from the commission by the defendant, MTD PRODUCTS LTD., of a tortious act or acts within the State of New York.

20. Upon information and belief, the claims for relief alleged herein arise from the commission by the defendant, MTD PRODUCTS LTD., of a tortious act or acts outside the State of New York which caused injury to the plaintiff within the State of New York.

21. Upon information and belief, the defendant, MTD PRODUCTS LTD., regularly did and does solicit business, engage in a persistent course of conduct, and derive substantial revenue from goods used or consumed or services rendered in the State of New York.

22. Upon information and belief, the defendant, MTD PRODUCTS LTD., expected or should reasonably have expected its tortious act or acts as aforesaid to have consequences in the State of New York, and derived and derives substantial revenue from interstate or international commerce.

23. Upon information and belief, the defendant, MTD HOLDINGS, INC., was and is engaged in the business of designing, manufacturing, advertising, marketing and selling snow throwers, and in pursuance of this business, transacted and transacts  business within the State of New York and contracted and contracts to supply goods or services in the State of New York.

5

24. Upon information and belief, the claims for relief alleged herein arise from the defendant, MTD HOLDINGS, INC.'s transacting of business within the State of New York.

25. Upon information and belief, the claims for relief alleged herein arise from the defendant, MTD HOLDINGS, INC.'s contracting to supply goods or services in the State of New York.

26. Upon information and belief, the claims for relief alleged herein arise from the commission by the defendant, MTD HOLDINGS, INC., of a tortious act or acts within the State of New York.

27. Upon information and belief, the claims for relief alleged herein arise from the commission by the defendant, MTD HOLDINGS, INC., of a tortious act or acts outside the State New York which caused injury to the plaintiff within the State of New York.

28. Upon information and belief, the defendant, MTD HOLDINGS, INC., regularly did and does solicit business, engage in a persistent course of conduct, and derive substantial revenue from goods used or consumed or services rendered in the State of New York.

29. Upon information and belief, the defendant, MTD HOLDINGS, INC., expected or should reasonably have expected its tortious act or acts as aforesaid to have consequences in the State of New York, and derived and derives substantial revenue from interstate or international commerce.

30.  Upon information and belief, the defendant, MTD LLC., was and is engaged in the business of designing, manufacturing, advertising, marketing and selling snow throwers, and in pursuance of this business, transacted and transacts business within the State of New York and contracted and contracts to supply goods or services in the State of New York.

31.  Upon information and belief, the claims for relief alleged herein arise from the defendant, MTD LLC.'s transacting of business within the State of New York.

32.  Upon information and belief, the claims for relief alleged herein arise from the defendant, MTD LLC.'s contracting to supply goods or services in the State of New York.

33.  Upon information and belief, the claims for relief alleged herein arise from the commission by the defendant, MTD LLC., of a tortious act or acts within the State of New York.

34.  Upon information and belief, the claims for relief alleged herein arise from the commission by the defendant, MTD LLC., of a tortious act or acts outside the State New York which caused injury to the plaintiff within the State of New York.

35.  Upon information and belief, the defendant, MTD LLC., regularly did and does solicit business, engage in a persistent course of conduct, and derive substantial revenue from goods used or consumed or services rendered  in the State of New York.

36.  Upon information and belief, the defendant, MTD LLC., expected or should reasonably have expected its tortious act or acts as aforesaid to have consequences in the State of New York, and derived and derives substantial revenue from interstate or international commerce.

37.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees did design a certain snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533.

38.  Upon information and belief, said snow thrower was part of the Series 300 Compact Two-Stage Snow Throwers sold by one or more of the defendants.

39.  Upon information and belief, as designed and manufactured, the said snow thrower had two wheel assemblies.

40.  Upon information and belief, as designed and manufactured, each of the said wheel assemblies consisted of a plastic wheel rim, a rubber tire and a tire valve.

41.  Upon information and belief, the wheel assemblies on the said snow thrower were assigned Part Number 634-0232 by one or more of the defendants.

42.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees did design the wheel assemblies of the said snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533.

8

43.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees did design the plastic wheel rims of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

44.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees did design the rubber tires of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

45.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees did design the tire valves of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

46.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees did manufacture the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

47.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees did manufacture the plastic wheel rims of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

9

48.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees did manufacture the rubber tires of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

49.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees did manufacture the tire valves of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

50.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees did assemble the said snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533.

51.  Upon and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees did assemble the wheel assemblies of the said snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533.

52.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees did assemble together the plastic wheel rims and tires of the said snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533.

53. Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees did assemble together the tires and tire valves of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

54. Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees sold or distributed at wholesale the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

55. Upon information and belief, on a date prior to February 14, 2007 the defendant, MTD PRODUCTS INC., its agents, servants and/or employees otherwise placed into the stream of commerce the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

56. Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees did design the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

57. Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees did design the wheel assemblies of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

11

58.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees did design the plastic wheel rims of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

59.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees did design the rubber tires of the said snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533.

60.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees did design the tire valves of the said snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533.

61.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees did manufacture the said snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533.

62.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees did manufacture the plastic wheel rims of the said snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533.

12

63. Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees did manufacture the rubber tires of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

64. Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees did manufacture the tire valves of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

65. Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees did assemble the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

66. Upon and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees did assemble the wheel assemblies of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

67. Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees did assemble together the plastic wheel rims and tires of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

13

68.   Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees did assemble together the tires and tire valves of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

69.   Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees sold or distributed at wholesale the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

70.   Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees otherwise placed into the stream of commerce the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

71.   Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees did design a certain snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

72.   Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees did design the wheel assemblies of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

73.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees did design the plastic wheel rims of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

74.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees did design the rubber tires of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

75.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees did design the tire valves of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

76.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees did manufacture the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

77.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees did manufacture the plastic wheel rims of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

15

78. Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees did manufacture the rubber tires of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

79. Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees did manufacture the tire valves of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

80. Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees did assemble the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

81. Upon and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees did assemble the wheel assemblies of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

82. Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees did assemble together the plastic wheel rims and tires of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

16

83.   Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees did assemble together the tires and tire valves of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

84.   Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees sold or distributed at wholesale the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

85.   Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees otherwise placed into the stream of commerce the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

86.   Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees did design a certain snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

87.   Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees did design the wheel assemblies of the said snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533.

17

88.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees did design the plastic wheel rims of the said snow thrower, bearing Model number 31A-BAD729 and Serial number 1F2051-10533.

89.   Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees did design the rubber tires of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

90.   Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees did design the tire valves of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

91.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees did manufacture the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

92.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees did manufacture the plastic wheel rims of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

18

93.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees did manufacture the rubber tires of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

94.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees did manufacture the tire valves of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

95.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees did assemble the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

96.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees did assemble the wheel assemblies of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

97.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees did assemble together the plastic wheel rims and tires of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

98.   Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees did assemble together the tires and tire valves of the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

99.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees sold or distributed at wholesale the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

100.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees otherwise placed into the stream of commerce the said snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

101.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees sold the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533 to the defendant, MTD PRODUCTS, INC.

102.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees sold the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533 to the defendant, MTD HOLDINGS, INC.

20

103.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees sold the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533 to the defendant, MTD LLC.

104.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS INC., its agents, servants and/or employees sold the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533 to the defendant, HOME DEPOT U.S.A., INC.

105.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD PRODUCTS LTD., its agents, servants and/or employees sold the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533 to the defendant, HOME DEPOT U.S.A., INC.

106.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD HOLDINGS, INC., its agents, servants and/or employees sold the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533 to the defendant, HOME DEPOT U.S.A., INC.

107.  Upon information and belief, on a date prior to February 14, 2007, the defendant, MTD LLC., its agents, servants and/or employees sold the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533 to the defendant, HOME DEPOT U.S.A., INC.

21

108.  Upon information and belief,  on a date prior to February 14, 2007, the defendant, HOME DEPOT U.S.A., INC., its agents, servants and/or employees did distribute, sell and/or place into the stream of commerce in the usual course of business the aforesaid snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533.

109.  Upon information and belief, on or about December 8, 2005, the defendant, HOME DEPOT U.S.A., INC., its agents, servants and/or employees sold the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533, to one John Solano.

110.  Upon information and belief, on or about December 8, 2005, the defendant, HOME DEPOT U.S.A., INC., its agents, servants and/or employees sold the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533, to one John Solano at a Home Depot store located at 474 Route 211 East, Middletown, New York 10940.

111.  On February 14, 2007 the plaintiff, with the permission and consent of the said John Solano, had possession of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533 at premises located at 180 Weld Road, Lot 2, Middletown, New York 10940.

112.  On February 14, 2007, while the plaintiff was in possession of and was inflating one of the tires of the aforesaid snow thrower, bearing Model number 31A-

3BAD729 and Serial number 1F2051-10533 , the wheel rim of the wheel assembly exploded and was shattered into pieces that were projected outward with significant force, thereby causing the plaintiff to sustain severe and serious personal injuries.

113.  Upon information and belief, on and prior to December 8, 2005, the defendants knew or should have known that the possibility of a plastic wheel rim's exploding and shattering upon or as a result of inflation of a tire increased as the ambient temperature decreased.

114.  Upon information and belief, on and prior to December 8, 2005, the defendants knew or should have known that in 1987 the United States Consumer Product Safety Commission in cooperation with Dynacraft Industries, Inc. had announced a voluntary replacement program involving plastic wheel rims on approximately 6000 Model #8522 "Magna" 12-inch sidewalk bicycles sold since March 1985.

115.  Upon information and belief, on and prior to December 8, 2005, the defendants knew or should have known that in the written public announcement of the said voluntary replacement program that was made by the United States Consumer Product Safety Commission it was stated as follows, in part:

> The potential hazard involves wheel rim breakage during the inflation process.  If the tire is inflated beyond the recommended 30 psi. there is a possibility that the plastic rims may shatter and strike the user or bystander which may cause injury.

116.   Upon information and belief, on and prior to December 8, 2005, the defendants knew or should have known that in the written public announcement of the said voluntary replacement program that was made by the United States Consumer Product Safety Commission it was stated as follows, in part:

> Dynacraft and the Commission are not aware of any incidents involving injury with this product, but because laboratory tests have indicated the potential for breakage with the Model #8522 'Magna', Dynacraft has offered to replace the plastic wheel rims with non-plastic rims.

117.   Upon information and belief, on and prior to December 8, 2005, the defendants knew or should have known that in 2002 the United States Consumer Product Safety Commission in cooperation with The Sportsman's Guide had announced a voluntary recall of about 1,000 "Big Red Wagons", which were children's wagons.

118.   Upon information and belief, on and prior to December 8, 2005, the defendants knew or should have known that in the written public announcement of the said voluntary recall program that was made by the United States Consumer Product Safety Commission it was stated as follows, in part:

> The big red wagon was manufactured in Taiwan.

> **PROBLEM:** The Big Red wagon has four rubber wheels that include plastic rims that may break and explode under pressure when being inflated.  Parts of the wheel and the tire can strike and injure anyone nearby.

**INCIDENTS/INJURIES:** The Sportsman's Guide is aware of eight incidents in which the tires have exploded. Three of the incidents involved adult consumers who sustained injuries described as lacerations to the hand and abrasions.

**WHAT TO DO:** Consumers should stop using the Big Red Wagon immediately and contact The Sportsman's Guide to receive free replacement wheels and a $10 coupon.

119.   Upon information and belief, on and prior to December 8, 2005, the defendants knew or should have known that in 2002 the United States Consumer Product Safety Commission in cooperation with Ames True Temper, Inc. had announced the voluntary recall of about 647,000 wheelbarrows.

120.   Upon information and belief, on and prior to December 8, 2005, the defendants knew or should have known that in the written public announcement of the said voluntary recall program that was made by the United States Consumer Product Safety Commission it was stated as follows, in part:

The plastic wheel assemblies of these wheelbarrows, manufactured by a predecessor company, can break when being inflated with high pressure air hose. This can result in plastic pieces exploding from the rims of the wheels, possibly hitting nearby customers and causing lacerations and other injuries.

Ames True Temper has received eight reports of plastic rims fracturing, seven of which involve lacerations to consumers' hands, face, chest or arms. Some of the lacerations were severe, and required numerous stitches. One report involved nasal and other facial bone fractures, three reports involved finger or knuckle fractures, and one report included torn wrist ligaments caused by the force of the pieces striking the consumer.

\*\*\*

> Wheelbarrows with metal wheel assemblies are not part of
> this recall.

\*\*\*

> Consumers should not inflate the tires on these
> wheelbarrows.  Consumers should contact Ames True
> Temper to receive a free replacement steel wheel assembly.

121.  Upon information and belief, on and prior to December 8, 2005, the defendants knew or should have known that on June 23, 2004 the United States Consumer Product Safety Commission in cooperation with Ames True Temper, Inc. again announced the voluntary recall of the approximately 647,000 wheelbarrows, the recall of which had first been publicly announced in 2002.

122.  Upon information and belief, on and prior to December 8, 2005 the defendants knew or should have known that in the written public re-announcement of the said voluntary recall program that was made by the United States Consumer Product Safety Commission it was stated as follows, in part:

> Ames True Temper has learned of additional serious
> incidents involving the recalled wheelbarrows since the
> original recall announcement.  A total of 21 incidents have
> occurred from 1996 to the present, including injuries
> involving hand, arm and facial fractures and cuts.  In a few
> cases, more serious and permanent injuries have been
> reported.

> To prevent further injuries, consumers should not inflate the
> tires on these wheelbarrows.  Ames True Temper is offering
> a free replacement steel wheel assembly for each
> wheelbarrow and is offering consumers a free gardening tool
> gift as an incentive to have this repair performed.

26

***

> In addition to the free replacement wheel assembly and free
> gardening tool incentive, the company is conducting the
> recall campaign with new measures to reach home
> gardeners who are the primary users of these recalled
> wheelbarrows.  These new measures include placing ads in
> gardening publications, providing recall information to
> editors and webmasters of specialty gardening magazines
> and Web sites, and providing new point-of-sale posters to
> retailers.

123.  Upon information and belief, prior to 2004 none of the defendants MTD

PRODUCTS INC., MTD PRODUCTS LTD., MTD HOLDINGS INC., and MTD LLC.

(hereinafter "the MTD defendants") had sold any snow throwers that, as designed and

manufactured, had plastic wheel rims and rubber tires.

124.  Upon information and belief, prior to 2004 none of the MTD defendants

had sold any snow throwers that, as designed and manufactured, had plastic wheel

rims and rubber tires that were intended to be inflated with air.

125.  Upon information and belief, prior to 2004 few, if any, competitors of the

MTD defendants had sold any snow throwers that, as designed and manufactured,

had plastic wheel rims and rubber tires that were intended to be inflated with air.

126.  Upon information and belief, in or prior to 2004 one of more of the MTD

defendants decided to design, manufacture, and sell certain models of snow throwers

that, as designed and manufactured, would have plastic wheel rims and rubber tires

that were intended to be inflated with air.

127.  Upon information and belief, in light of various facts and factors, including but not limited to prior actions taken by manufacturers in conjunction with the United States Consumer Product Safety Commission, including those set forth above, the MTD defendants' lack of experience with snow throwers that, as designed and manufactured, had plastic wheel rims and rubber tires that were intended to be inflated with air, and their knowledge that the possibility of a plastic wheel rim's exploding and shattering upon or as a result of inflation of a tire increased as the ambient temperature decreased, it was incumbent upon the MTD defendants to take care to properly design and manufacture such plastic wheel rims or to carefully and properly supervise the design and manufacture of same, in order to minimize the possibility of the plastic rims shattering and being propelled with great force into users' or bystanders' faces, hands, arms, or other body parts.

128.  Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly failed to properly design the wheel assemblies of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

129.  Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly delegated to some entity or entities other than the MTD defendants the responsibility for designing the wheel assemblies of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

130. Upon information and belief, the entity or entities to which the MTD defendants delegated the responsibility for designing the wheel assemblies of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533, were incompetent and unqualified to design wheel assemblies for use in snow throwers, that, as designed and manufactured, were to have plastic wheel rims and rubber tires that were intended to be inflated with air.

131. Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly failed to properly design the plastic wheel rims of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

132. Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly delegated to some entity or entities other than the MTD defendants the responsibility for designing the plastic wheel rims of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

133. Upon information and belief, the entity or entities to which one or more of the MTD defendants delegated the responsibility for designing the plastic wheel rims of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533, were incompetent and unqualified to design plastic wheel rims for use in snow throwers, that, as designed and manufactured, were to have

plastic wheel rims and rubber tires that were intended to be inflated with air.

134. Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly failed to properly design the rubber tires of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

135. Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly delegated to some entity or entities other than the MTD defendants the responsibility for designing the rubber tires of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

136. Upon information and belief, the entity or entities to which one or more of the MTD defendants delegated the responsibility for designing the rubber tires of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533, were incompetent and unqualified to design rubber tires for use in snow throwers, that, as designed and manufactured, were to have plastic wheel rims and rubber tires that were intended to be inflated with air.

137. Upon information and belief, the said entity or entities were located in the country of China.

138. Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly failed to properly design the tire valves

30

of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

139.  Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly delegated to some entity or entities other than the MTD defendants the responsibility for designing the tire valves of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

140.  Upon information and belief, the entity to which one or more of  the MTD defendants delegated the responsibility for designing the tire valves of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533, were incompetent and unqualified to design tire valves for use in snow throwers, that, as designed and manufactured, were to have plastic wheel rims and rubber tires that were intended to be inflated with air.

141.  Upon information and belief, the said entity or entities were located in the country of China.

142.  Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly failed to make and provide to other entities that were involved in the design process proper and adequate specifications for the design of the plastic wheel rims for aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

31

143.  Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly failed to properly manufacture the plastic wheel rims of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

144.  Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly delegated to some entity or entities other than the MTD defendants the responsibility for manufacturing the plastic wheel rims of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

145.  Upon information and belief, the entity or entities to which the MTD defendants delegated the responsibility for manufacturing the plastic wheel rims of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533, were incompetent and unqualified to manufacture plastic wheel rims for use in snow throwers, that, as designed and manufactured, were to have plastic wheel rims and rubber tires that were intended to be inflated with air.

146.  Upon information and belief, the entity or entities to which the MTD defendants  delegated the responsibility for manufacturing the plastic wheel rims of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533, did not have or use proper devices and toolings to properly mold and make plastic wheel rims for use in snow throwers, that, as designed and

manufactured, were to have plastic wheel rims and rubber tires that were intended to be inflated with air.

147.  Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly failed to properly investigate and monitor the equipment and the production and quality control systems of the entity to which was delegated the responsibility for manufacturing the plastic wheel rims of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

148.  Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly failed to conduct appropriate and necessary product testing prior to placing into the stream of commerce the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

149.  Upon information and belief, one or more of the MTD defendants negligently, recklessly, wantonly, and carelessly failed to conduct appropriate and necessary quality control inspections and procedures prior to placing into the stream of commerce the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533.

150.  Upon information and belief, on February 20, 2005 a person was injured when a plastic wheel rim of a Model 247.88700 snow thrower that had been

33

designed, manufactured or sold by one or more of the MTD defendants exploded during or shortly after inflation of a tire.

151.  Upon information and belief, one or more of the MTD defendants received notice of said occurrence on or before July 6, 2005.

152.  Upon information and belief, the Part Number of the wheel assemblies of the said Model 247.88700 snow thrower was 634-0232.

153.  Upon information and belief, on November 26, 2005 a person was injured when a plastic wheel rim of a Series 300 Compact Two-Stage Snow Thrower that had been designed, manufactured or sold by one or more of the MTD defendants exploded during or shortly after inflation of a tire.

154.  Upon information and belief, one or more of the MTD defendants received notice of said occurrence on or before March 17, 2006.

155.  Upon information and belief, the Part Number of the wheel assemblies of the said snow thrower was 634-0232.

156.  Upon information and belief, on December 19, 2005 a person was injured when a plastic wheel rim of a Model 247.88700 snow thrower that had been designed, manufactured or sold by one or more of the MTD defendants exploded during or shortly after inflation of a tire.

157.  Upon information and belief, one or more of the MTD defendants received notice of said occurrence on or before February 8, 2006.

34

158.  Upon information and belief, the Part Number of the wheel assemblies of the said snow thrower was 634-0232.

159.  Upon information and belief, on January 22, 2006  a person was injured when a plastic wheel rim of a Series 300 Compact Two-Stage Snow Thrower that had been designed, manufactured or sold by one or more of the MTD defendants exploded during or shortly after inflation of a tire.

160.   Upon information and belief, one or more of the MTD defendants received notice of said occurrence on or before February 8, 2006.

161.  Upon information and belief, the Part Number of the wheel assemblies of the said snow thrower was 634-0232.

162.  Upon information and belief, on January 23, 2006 a person was injured when a plastic wheel rim of a Model 31A-3BAD729 snow thrower that had been designed, manufactured or sold by one or more of the MTD defendants exploded during or shortly after inflation of a tire.

163.  Upon information and belief, said snow thrower had been sold at retail by the defendant, HOME DEPOT U.S.A., INC.

164.   Upon information and belief, one or more of the MTD defendants received notice of said occurrence on or before January 26, 2006.

165.  Upon information and belief, the defendant HOME DEPOT U.S.A., INC. received notice of said occurrence on or before January 26, 2006.

35

166.  Upon information and belief, the Part Number of the wheel assemblies of the said Model 31A-3BAD729 snow thrower was 634-0232.

167.  Upon information and belief, on February 12, 2006 a person was injured when a plastic wheel rim of a Model 31A-3BAD729 snow thrower that had been designed, manufactured or sold by one or more of the MTD defendants exploded during or shortly after inflation of a tire.

168.  Upon information and belief, said snow thrower had been sold at retail by the defendant  HOME DEPOT U.S.A., INC.

169.   Upon information and belief, one or more of the MTD defendants received notice of said occurrence on or before February 23, 2006.

170.  Upon information and belief, the defendant HOME DEPOT U.S.A., INC. received notice of said occurrence on or before February 23, 2006.

171.  Upon information and belief, the Part Number of the wheel assemblies of the said Model 31A-3BAD729 snow thrower was 634-0232.

172.   Upon information and belief, on February 12, 2006 a person was injured when a plastic wheel rim of a Model 31A-3BAD762 snow thrower that had been designed, manufactured or sold by one or more of the MTD defendants exploded during or shortly after inflation.

173.   Upon information and belief, one or more of the MTD defendants received notice of said occurrence on or before March 2, 2006.

36

174.  Upon information and belief, the Part Number of the said Model 31A-3BAD762 snow thrower was 634-0232.

175.  Upon information and belief, on February 14, 2006 a person was injured when a plastic wheel rim of a Model 31A-3BAD729 snow thrower that had been designed, manufactured or sold by one or more of the MTD defendants exploded during or shortly after inflation of a tire.

176.  Upon information and belief, said snow thrower had been sold at retail by the defendant HOME DEPOT U.S.A., INC.

177.   Upon information and belief, one or more of the MTD defendants received notice of said occurrence on or before March 21, 2006.

178.  Upon information and belief, the defendant HOME DEPOT U.S.A., INC. received notice of said occurrence on or before March 21, 2006.

179.  Upon information and belief, the Part Number of the wheel assemblies of the said Model 31A-3BAD729 snow thrower was 634-0232.

180.  Upon information and belief, on February 16, 2006 a person was injured when a plastic wheel rim of a Model 31A-3BAD729 snow thrower that had been designed, manufactured or sold by one or more of the MTD defendants exploded during or shortly after inflation of a tire.

181.  Upon information and belief, said snow thrower had been sold at retail by the defendant  HOME DEPOT U.S.A., INC.

182.   Upon information and belief, one or more of the MTD defendants received notice of said occurrence on or before February 16, 2006.

183.   Upon information and belief, the defendant HOME DEPOT U.S.A., INC. received notice of said occurrence on or before February 16, 2006.

184.   Upon information and belief, the Part Number of the wheel assemblies of the said Model 31A-3BAD729 snow thrower was 634-0232.

185.   Upon information and belief, on February 18, 2006 a person was injured when a plastic wheel rim of a Model 31ASBB2766 snow thrower that had been designed, manufactured or sold by one or more of the MTD defendants exploded during or shortly after inflation of a tire.

186.   Upon information and belief, one or more of the MTD defendants received notice of said occurrence on or before March 1, 2006.

187.   Upon information and belief, the Part Number of the wheel assemblies of the said snow thrower was 634-0232.

188.   Upon information and belief, on March 12, 2006 a person was injured when a plastic wheel rim of a Model 31A-3BAD762 snow thrower that had been designed, manufactured or sold by one or more of the MTD defendants exploded during or shortly after inflation of a tire.

189.   Upon information and belief, one or more of the MTD defendants received notice of said occurrence on or before March 14, 2006.

190.  Upon information and belief, the Part Number of the wheel assemblies of the said snow thrower was 634-0232.

191.  Upon information and belief, on October 5, 2006, the United States Consumer Product Safety Commission in cooperation with the defendant MTD Products, Inc. announced a voluntary recall of the following Models of snow throwers, which, upon information and belief, had been designed, manufactured or sold by one of more of the MTD defendants: 31AS3BB2766, 31A-3AAD700, 31A-3BAD700, 31A-3BAD729, 31A-3BAD752, 31A-3BAD762, 31AS3DDE729, 247.88255, 247.88700.

192.  Upon information and belief, the Part Number of the wheel assemblies of all of the said Models was 634-0232.

193.  In the written public announcement of the said voluntary recall program that was made by the United States Consumer Product Safety Commission it was stated as follows, in part:

> **Hazard:** If the snow thrower's tires are over-inflated, the plastic wheel rims can burst, posing a risk of lacerations and fractures.
>
> **Incidents/Injuries:** MTD has received reports of 16 injuries, including fractured fingers, a broken toe, and facial lacerations.
>
> \*\*\*
>
> **Remedy:** Consumers should contact MTD for a free service kit with pressure relief valves, labels and instructions. Consumers with Craftsman brand snow throwers will be mailed a service kit directly by Sears.

194. Upon information and belief, prior to instituting the said recall, the MTD defendants negligently, recklessly, wantonly, and carelessly failed to immediately or timely investigate the cause of exploding wheel rims upon receiving reports that persons had been injured when a plastic wheel rim of a Series 300 Compact Two-Stage Snow Thrower that had been designed, manufactured or sold by one or more of the MTD defendants exploded during or shortly after inflation of a tire.

195. Upon information and belief, prior to instituting the said recall, the MTD defendants negligently, recklessly, wantonly, and carelessly failed to immediately or timely notify the United States Consumer Product Safety Commission that the Series 300 Compact Two-Stage Snow Throwers contained a defect which could create a substantial product hazard, in violation of The Consumer Product Safety Act, 15 U.S.C. § 2064 (b) and regulations promulgated thereunder.

196. Upon information and belief, upon and after instituting the said recall, the MTD defendants negligently, recklessly, wantonly, and carelessly failed to notify persons who had purchased their Series 300 Compact Two-Stage Snow Thrower through the defendant HOME DEPOT U.S.A., INC. of the defective nature of the wheel assemblies and of the recall of the product.

197. Upon information and belief, after becoming aware of the defective nature of the wheel assemblies and of the recall of the product, the defendant HOME DEPOT U.S.A., INC. negligently, recklessly, wantonly, and carelessly failed to notify

persons who had purchased their Series 300 Compact Two-Stage Snow Thrower through the defendant HOME DEPOT U.S.A., INC. of the defective nature of the wheel assemblies and of the recall of the product.

198.  Upon information and belief, at the time that the aforesaid John Solano purchased the said snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533 from the defendant HOME DEPOT U.S.A., INC., the defendant HOME DEPOT U.S.A., INC. made records evidencing that he had made such purchase or made records from which the defendant HOME DEPOT U.S.A., INC. could have derived that he had made such purchase.

199.  Upon information and belief, shortly after he had purchased the said snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533 from the defendant HOME DEPOT U.S.A., INC., the said John Solano notified the defendant MTD Products, Inc. that he had purchased the said snow thrower, identifying it by Serial Number.

200.  Upon information and belief, the defendants negligently, recklessly, wantonly, and carelessly failed to notify the aforesaid John Solano of the defective nature of the wheel assemblies or of the recall of the product prior to February 14, 2007 and he did not otherwise become aware of such recall by such date.

201.  Upon information and belief, none of the defendants sent a service kit with pressure relief valves to the said John Solano on or before February 14, 2007.

202.  Upon information and belief,  information and belief, had the said John Solano been aware of the defective nature of the wheel assemblies or of the recall of the product, he would not have permitted the plaintiff to use the aforesaid snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533.

203.  Upon information and belief, the defendants' negligent, reckless, wanton, and careless failure to have  notified the aforesaid John Solano of the defective nature of the wheel assemblies or of the recall of the product prior to February 14, 2007 was a cause of the occurrence of February 14, 2007 and of the resultant injuries to the plaintiff.

204.  Upon information and belief, prior to the occurrence on February 14, 2007, the plastic wheel rims of the aforesaid snow thrower, bearing  Model number 31A-3BAD729 and Serial number 1F2051-10533 could explode and shatter at a tire pressure as low as 16 PS, if not lower, and at an ambient temperature as high as 52 degrees Fahrenheit, if not higher.

205.  Upon information and belief, at the time of the initial purchase of the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533 the defendants negligently, recklessly, wantonly, and carelessly failed to provide proper and adequate warnings to the purchaser and to potential users of the product, including the plaintiff, of the hazards associated with inflating the tires of the said snow thrower, including, but not limited to, in failing to properly and

adequately warn that a person might suffer personal injuries during the course of inflating a tire.

206.  Upon information and belief, the defendants, upon becoming aware of the defective nature of the Model 31A-3BAD729 snow thrower and other Models of snow throwers whose wheel assemblies were Part Number 634-0232, negligently, recklessly, wantonly, and carelessly failed to provide proper and adequate post-sale warnings to the purchaser and to potential users of the product, including the plaintiff, of the potential hazards associated with inflating the tires of the said snow thrower, including, but not limited to, in failing to properly and adequately warn that a person might suffer personal injuries during the course of and as a result of inflating a tire of the snow thrower.

207.  Upon information and belief, the defendants were in other ways and respects negligent, reckless, wanton and careless.

208.  Upon information and belief, the defendants acted and failed to act in reckless disregard for the safety of others.

209.  Upon information and belief, some of the negligent, reckless, wanton, and careless acts and omissions of the defendants resulted from the defendants' placing their economic interests above the interests of their customers and others in using a product that was safe and not defective.

210.  The negligent, wanton, reckless and careless acts and omissions of the defendants, their agents, servants and/or employees caused the said occurrence and the resultant injuries to the plaintiff.

211.  The limited liability provisions of the C.P.L.R. 1601 do not apply pursuant to one or more of the exceptions of C.P.L.R. 1602.

212.  The plaintiff claims the following exceptions to CPLR Article 16: 1602 (2)(iv), 1602(7), 1602(10) and 1602(11).

213.  By reason of the foregoing, the plaintiff was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effect of pain, disability, disfigurement and loss of body function.  Such injuries, include, but are not limited to, permanent and complete blindness in his left eye. Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from his normal activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

214.  By reason of the foregoing, the plaintiff was damaged in an amount that exceeds the sum of $75,000.00 exclusive of interest and costs.

215.  The defendants, their agents, servants and/or employees acted in a reckless and wanton manner and/or acted deliberately and/or acted in a manner of such gross negligence as to evince a conscious disregard for the health, safety and welfare of consumers, including the plaintiff.

216.  The acts and omissions of the defendants, their agents, servants and/or employees were so reckless, wanton, careless and grossly negligent that an award of punitive damages on behalf of the plaintiff and against the defendants is warranted in an amount that exceeds the sum of $75,000.00 exclusive of interest and costs.

## AS AND FOR A SECOND CLAIM FOR RELIEF

217.  The plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "9" through "213" of the First Claim for Relief, with the same force and effect as if more fully set forth herein at length.

218.  The defendants warranted in designing, manufacturing, distributing, selling and placing into the stream of commerce the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051-10533 to all foreseeable persons using same that said snow thrower and its component parts, were properly designed, manufactured, distributed, sold and placed into the stream of commerce so that it was reasonably safe and adequate for the purpose for which it was intended and that the snow thrower, and its component parts were safe, proper, merchantable and fit for this intended purpose.

219.  The use to which the aforesaid snow thrower, and its component parts, were being put on the date of the accident and injury was a use reasonably contemplated and intended and foreseen by the defendants prior to the time of sale of the snow thrower to the general public.

220.  The plaintiff relied upon such implied warranties.

221. The defendants did breach said warranties.

222. Said breach caused the said occurrence and the resultant injuries to the plaintiff.

223. By reason of the foregoing, the plaintiff was damaged in an amount that exceeds the sum of $75,000.00 exclusive of interest and costs.

224. The defendants, their agents, servants and/or employees acted in a reckless and wanton manner and/or acted deliberately and/or acted in a manner of such gross negligence as to evince a conscious disregard for the health, safety and welfare of consumers, including the plaintiff.

225. The acts and omissions of the defendants, their agents, servants and/or employees were so reckless, wanton, careless and grossly negligent that an award of punitive damages on behalf of the plaintiff and against the defendants is warranted in an amount that exceeds the sum of $75,000.00 exclusive of interest and costs.

## AS AND FOR A THIRD CLAIM FOR RELIEF

226. The plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "9" through "213" of the First Claim for relief with the same force and effect as if more fully set forth herein at length.

227. The defendants designed, manufactured and put into circulation and sold to the general public, a product, namely the aforesaid snow thrower, bearing Model number 31A-3BAD729 and Serial number 1F2051 and its component parts.

46

228.  The defendants assumed a strict products liability to users and to persons injured by the aforesaid snow thrower and its component parts, including the plaintiff.

229.  The said snow thrower and its component parts, were not suited for their purpose and were defective.

230.  Upon information and belief, the design of the said snow thrower and its component parts was defective.

231.  Upon information and belief, the said snow thrower and its component parts were defectively manufactured.

232.  Upon information and belief, the defendants failed to provide proper and adequate warnings to the purchaser and to potential users of the product, including the plaintiff, of the hazards associated with inflating the tires of the said snow thrower, including, but not limited to, in failing to properly and adequately warn that a person might suffer personal injuries during the course of and as a result of inflating a tire of the snow thrower.

233.  The defective condition of the aforesaid snow thrower and its component parts caused the said occurrence and the resultant injuries to the plaintiff.

234.  By reason of the foregoing, the plaintiff was damaged in an amount that exceeds the sum of $75,000.00 exclusive of interest and costs.

235.  The defendants, their agents, servants and/or employees acted in a reckless and wanton manner and/or acted deliberately and/or acted in a manner of

such gross negligence so as to evince a conscious disregard for the health, safety and welfare of consumers, including the plaintiff.

236.   The acts and omissions of the defendants, their agents, servants and/or employees were so reckless, wanton, careless and grossly negligent that an award of punitive damages on behalf of the plaintiff and against the defendants is warranted in an amount that exceeds the sum of $75,000.00 exclusive of interest and costs.

**WHEREFORE,** plaintiff demands judgment against the defendants, and each of them, as follows:

1)   On the First Claim for Relief, a monetary amount of compensatory damages which is fair, adequate and just, together with a monetary amount of punitive damages which is fair, adequate and just;

2)   On the Second Claim for Relief, a monetary amount of compensatory damages which is fair, adequate and just, together with a monetary amount of punitive damages which is fair, adequate and just; and

3)   On the Third Claim for Relief, a monetary amount of compensatory damages which is fair, adequate and just, together with a monetary amount of punitive damages which is fair, adequate and just;

together with the costs and disbursements of this action.

Yours, etc.,

**LARKIN, AXELROD, INGRASSIA
& TETENBAUM, L.L.P.**

BY: _____

MICHAEL KOLB (MK-0335)
Attorneys for Plaintiff
Office & P.O. Address
356 Meadow Avenue
Newburgh, New York 12550
(845) 566-5345

TO:  **MTD PRODUCTS INC.**
Defendant
Reg. Agent: Terry R. Hollister, Esq.
            5903 Grafton Road
            Valley City, Ohio 44280

     Reg. Agent:  Corporation Trust Center
                  1209 Orange Street
                  Wilmington, DE 19801

**MTD PRODUCTS, LTD.**
Defendant
97 Kent Avenue
Kitchener, Ontario
N2G 3R2

**MTD HOLDINGS, INC.**
Defendant
Agent:    David J. Hessler, Esq.
          6055 Rockside Woods Blvd., #200
          Cleveland, Ohio 44131

49

**MTD LLC.**
Defendant
Reg. Agent: Terry R. Hollister, Esq.
5903 Grafton Road
Valley City, Ohio 44280

**HOME DEPOT U.S.A. INC.**
Defendant
Reg. Agent:  New York Secretary of State
41 State Street

Albany, New York 12231