UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOSEPH MUSUMECI, : Docket No. 07 CV 7535

                Plaintiff, : PROTECTIVE ORDER

  -against- :

MTD PRODUCTS INC., MTD PRODUCTS LTD., :
MTD HOLDINGS INC., MTD LLC, and
THE HOME DEPOT, INC. :

                Defendants. :
----------------------------------------------------------x

      The parties to this action, by their respective attorneys, hereby stipulate to the entry by the Court of the following Protective Order:

      It appearing that during the pre-trial discovery in this case there will be disclosure to counsel of certain documents, information, materials and testimony considered by defendants to contain confidential, proprietary and/or trade secret information, in order to allow discovery to proceed in an expeditious and productive manner and protect the confidentiality of such information, IT IS HEREBY ORDERED THAT:

      1.    This Protective Order governs the use, disclosure, and designation as confidential of documents, information and testimony produced by defendants or plaintiff in this action (in discovery or at trial) including any and all photographs, videotapes, documents, and/or materials, testimony, deposition

testimony, deposition exhibits, interrogatory/request for admission responses, including and/or related to, engineering part print drawings, testing, product cost, production information, internal policies/investigation procedures, field reports, product analysis and development information, design/fabrication, and other claims involving products similar to the product at issue in this case. Any such materials that constitute a trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G), or otherwise considered confidential by defendants, may be designated "Confidential". Such designation shall be made as provided in paragraph 2 hereof. Documents or information so designated as "Confidential" and all copies, extracts, transcripts, compilations, and summaries thereof and information therein, without limitation, (hereinafter collectively referred to as "Confidential Information") shall be used and disclosed only as permitted by paragraphs 2 through 12 hereof.

2. Either party may designate the materials which the party considers to be appropriate for designation as Confidential Information at the time such materials or portions are produced or disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the materials or portions disclosed and sought to be protected hereunder, by the following procedure:

    a.    MTD will make its document production pursuant to Rule 26, 33 and 34, by means of a specifically designated website ("The Website"). All documents contained on the website will be deemed "confidential" and protected by this agreement, subject to the plaintiff's rights to contest such designation as "confidential."

    b.    The password for access to the website and the existence of the website itself are also confidential, which were created for rapid and efficient production of discovery and e-discovery to the benefit of all parties for the sole purpose of this litigation. Knowledge of the website, the access password and documents and/or information contained therein are confidential under this Stipulated Protective Order with no unauthorized access. IP addresses for access must be provided to counsel for MTD.

3.    In the instance of documents or materials produced by any party, other than those produced by MTD by means of the website referred to above, that are to be designated as "confidential," the party producing the materials sought to be protected shall, at the time of such production, notify the other parties if any of the information contained in the documents or materials is designated as

"confidential." All "confidential" documents or materials produced for which such notice has been given shall be inspected only by persons qualified to have access to Confidential Information.

4.  Confidential Information may be given, shown, disclosed, made available, or communicated only to:

(a) The parties;

(b) Counsel for the parties who have executed this Order, and the paralegal, administrative, clerical and secretarial personnel assisting such attorneys for whom access to such material is necessary to perform their duties with respect to this case, provided that execution of this Order by any member of a law firm representing a party shall constitute a representation that all persons in or employed by that firm shall observe this Protective Order;

(c) Experts, investigators and consultants qualified for access as provided in paragraph 5 below.

(d) The Court, the jury and court personnel.

5.  Each party may qualify for access to Confidential Information independent experts, investigators and consultants who are not employees of or affiliated with the party. Before allowing an expert or consultant to gain access to the Confidential Information, counsel shall first require the expert or consultant to execute a written and

signed undertaking in the form attached hereto as Appendix A containing the information set forth therein. In the event the expert is to be utilized as an expert at litigation and is disclosed in accordance with the discovery rules or local rules of Court, a copy of the signed undertaking shall be provided to opposing counsel.

6. Confidential Information shall be used solely in connection with this litigation, and not for any business, competitive, governmental, administrative or commercial purpose or function. All Confidential Information designated hereunder shall be kept in the case files at the offices of the attorneys for the parties. Access to those files shall be permitted only to those persons set forth in paragraph 3 of this Protective Order as persons properly having access to Confidential Information.

7. Documents containing Confidential Information, including briefs or other papers which incorporate or disclose Confidential Information, where filed with the pleadings or as evidence, shall bear the "CONFIDENTIAL" warning on their first page and on pages containing Confidential Information, unless these documents were originally produced as part of the production on the website described in paragraph 2, for which the protection of confidentiality has already been asserted obviating the need for a duplicative "CONFIDENTIAL" warning, label or stamp. Any other documents, not included in the website production, shall be delivered sealed to the Clerk of the Court, and shall not be available for public inspection. Envelopes used to seal such documents

shall carry the notation: "Confidential – This document is subject to a PROTECTIVE ORDER issued by the COURT and may not be examined or copied except in compliance with that Order. *Joseph Musumeci v. MTD Products Inc., MTD Products Ltd., MTD Holdings Inc., MTD LLC, and The Home Depot*, United States District Court, Southern District of New York, Docket No. 07-7535." The Clerk shall maintain such documents under seal, except that any judge or magistrate exercising responsibility in this case, and their legal, administrative, secretarial or clerical staffs, shall have access to documents under seal as necessary in adjudicating or administrating this case.

8. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection as confidential or privileged or that a lesser form of protection than designated is appropriate.

9. The inadvertent or unintended disclosure pursuant to discovery in this lawsuit of Confidential Information, regardless of whether the information was designated at the time of disclosure, shall not in this action be deemed a waiver in whole or in part of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or documents disclosed or as to any other information and/or

documents. Defendants shall be permitted to serve a written notice of the claim of confidentiality for the unintended or inadvertent disclosure within 45 days after any defendant or defendant's counsel becomes aware that such disclosure has occurred. Plaintiff shall not be liable for or responsible for the use of the materials received by said disclosure during the period before plaintiff receives written notice.

10. A party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under the Protective Order, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.

To determine such application the court shall determine whether and to what extent the information, document or material at issue qualifies for protection under Rule 26(c)(1)(G). No presumption of confidentiality is created by virtue of the information, document, or material having been designated as "confidential" by a party or having been produced by MTD by means of the website referred to above.

11. The parties further agree that the inadvertent or unintended production of any

discovery materials that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine and the return of same, if appropriate, shall be governed by Rule 26(b)(5)(B).

12. No person may utilize or disclose to any person, in public or in private, the confidential materials designated hereunder, except as set forth in this Order. This Protective Order does not apply to information and/or documents acquired other than through this proceeding; the rights of the parties in respect to this other acquired information being separately determined.

13. Upon termination of this litigation, the originals and all copies of confidential materials shall be turned over without demand to the party or non-party who produced such material, or to its counsel. In the alternative, the originals and all copies may be destroyed by plaintiff's counsel, subject to the agreement that plaintiff's counsel will provide written documentation within 30 days of disposition of the case that all such documents and materials were destroyed.

14. Either party may seek modification of this order upon motion and for good cause shown, by alleging specific changes and specific grounds.

15. Nothing in this Order shall restrict the use or admissibility of any documents or

information designated as confidential at any hearing or trial in this action.

16. Upon the final conclusion of this litigation, any and all Confidential Material which has been submitted for identification and/or into evidence at any hearing or trial in this litigation may, upon application to this Court, by counsel for the party who claimed Confidential Material treatment, be purged from the record. All parties shall have notice of and the right to oppose such an application. The final conclusion of this litigation shall be deemed to have occurred upon (i) the date following the entry of judgment after which, by lapse of time or otherwise, such judgment shall no longer be subject to review by or appeal to any court, or (ii) upon a voluntary discontinuance thereof.

17. This Protective Order shall survive the final conclusion of this litigation and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Protective Order.

18. This Protective Order will be in full force and effect, and is fully enforceable, upon the date of the parties' execution below. All the provisions of the Protective Order will be effective and enforceable as of the execution date of this document by the parties.

Dated:   New York, New York
         August 19, 2008

On Consent:

_____
Patrick J. Comerford (PC6747)
LYNCH ROWIN, LLP
Attorney for Defendants
630 Third Avenue
New York, New York 10017
(212) 682-4001

_____
Michael Kolb (MK0335)
LARKIN AXELROD INGRASSIA & TETENBAUM LLP
Attorneys for Plaintiff, Joseph Musumeci
356 Meadow Avenue
Newburgh, New York 12550
(845)-562-3366

           So Ordered

           _____
           Hon. George A. Yanthis, USMJ